IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Keisha Byrd | C/A No.:  3:22-cv-02441-SAL-SVH |
| Plaintiff, | |
| v. | COMPLAINT |
| Richland County Public Library, | |
| Defendant. | |

## INTRODUCTION

Plaintiff Keisha Byrd, by and through her undersigned counsel, hereby brings the Causes of Action of Race Discrimination/Racially Hostile Work Environment pursuant to Title VII of the Civil Rights Act of 1964, as amended, Breach of Contract, Negligent Supervision, and Retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, against Richland County Public Library ("Defendant") based on the following allegations.

## ADMINISTRATIVE CHARGE

1. Plaintiff has exhausted all administrative remedies and prerequisites prior to filing this lawsuit, including timeliness, deferral, and all other jurisdictional requirements necessary for the maintenance of this Action, as described below:

    a. Plaintiff timely filed a Charge with the Equal Employment Opportunity Commission ("EEOC") and South Carolina Human Affairs Commission ("SHAC") on May 25, 2021.

    b. Plaintiff received a Notice of Right to Sue from SHAC on May 2, 2022.

    c. Plaintiff has timely filed this action within one hundred twenty (120) days of the date on which she received her Notice of Right to Sue as described in Paragraph 1(b).

JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e (5), this being a proceeding to enforce rights and remedies secured under 42 U.S.C. Section 2000(e) et. seq. (Title VII of the Civil Rights Act of 1964 ("Title VII")) and other Federal statutes. This Court also has pendant and supplementary jurisdiction over so much of this action as is based on State law.

3. Venue is proper in the Columbia Division, because the Causes of Action arose therein, the acts and practices complained of occurred there, and it is where Defendant does business and may be found.

PARTIES

4. Plaintiff Keisha Byrd is a citizen of the State of South Carolina and resides in Richland County.

5. Defendant Richland County Public Library ("Library") is a public library system of Richland County, as defined by SC Code Ann. § 4-9-35(A). having agents, employees, offices, or properties in Richland County, South Carolina. At all times relevant to this Complaint, the Library was acting by and through its agents, servants, employees and/or officers.

FACTS

6. Plaintiff Keisha Byrd is a fifty-one (51) year-old African American female, and has worked for Defendant since February of 2001. Plaintiff currently works for Defendant as a Procurement Coordinator in Defendant's Finance Department.

7. Throughout her tenure with Defendant, Plaintiff has performed her job satisfactorily at all times, and received performance reviews from Defendant which met or exceeded expectations.

8. In or around August 2020, Plaintiff along with her co-workers Annette Holmes (BF) and Lawrence Williams (BM) met with Sarah Sullivan (WF), Plaintiff's supervisor, and Chief Operations Officer Steve Sullivan (WM) to discuss their concerns regarding an increased workload, given to them as African American employees and not the Caucasian employees, as

2

two employees were retiring from the Finance Department, reducing the staff from eight (8) to six (6) employees.

9. Though Plaintiff and her coworkers raised reasonable concerns, Mrs. Sullivan took no actions to reduce Plaintiff's workload.

10. On November 3, 2020, Plaintiff was asked to come into the office to help a new staff member, Ashley Rivera (WF), with an assignment. Plaintiff noticed at that time she was not wearing a mask in the building in violation of Respondent's COVID-19 policy.

11. The following day, on November 4, 2020, Ms. Rivera was again at work without a mask, and Plaintiff reported this incident to Mrs. Sullivan (WF).

12. On December 17, 2020, Finance Office staff held a team meeting by videoconference. During this meeting Plaintiff also raised concerns about Defendant's mask policy, and Ashley Rivera (WF), began to berate Plaintiff. Another coworker, Leila Scott (WF), stepped in to stop Ms. Rivera. Mrs. Sullivan did not take any action during this altercation.

13. Plaintiff took leave beginning December 17, 2020 and did not return until January 2021. Plaintiff filed a grievance with Respondent around this time in which she requested an apology from Ms. Rivera (WF) and Mrs. Sullivan (WF) regarding the December team meeting.

14. On January 26, 2021, Plaintiff met with Mrs. Sullivan, Raphael Sebastian (BM), and Ms. Rivera regarding her grievance.

15. Mrs. Sullivan (WF) informed Plaintiff at that time that Ms. Rivera had filed an HR complaint against her in December alleging bullying and harassment because Plaintiff "did not make [Ms. Rivera] feel welcome" at work. However, Ms. Rivera maintained a five-day onsite work schedule, while Plaintiff had a two-day onsite work schedule, resulting in minimal interaction with Ms. Rivera outside of team meetings.

16. Mrs. Sullivan presented Plaintiff with a Performance Improvement Plan (PIP) and stated she needed to work on her communication with coworkers. To the best of Plaintiff's knowledge, neither Ms. Rivera nor Ms. Scott (WF) received reprimand in relation to the December 17, 2020 meeting.

17. Upon information and belief, Mrs. Sullivan (WF) has repeatedly rebuffed any issue brought to her by African-American staff while giving Caucasian staff preferential treatment. When Plaintiff's coworker Leila Scott (WF) complained about her workload, Mrs. Sullivan reduced her responsibilities and gave Plaintiff Ms. Scott's work, yet treated Plaintiff as hostile when Plaintiff met with her individually about increased work.

18. Upon information and belief, in or around April 2021, Plaintiff learned that Ms. Rivera (WF) had filed her complaint with Human Resources due to the report Plaintiff made to Mrs. Sullivan (WF) regarding Ms. Rivera's failure to follow COVID-19 policy.

19. Rather than follow established procedures, Mrs. Sullivan immediately put Plaintiff on a PIP. Plaintiff did not receive her six-month work plan given to all employees until the January 26, 2021 meeting, which caused her to lose a month of work on these goals as opposed to her Caucasian coworkers who received their plan in a timely manner.

FIRST CAUSE OF ACTION
*Title VII Race Discrimination/Racially Hostile Work Environment*

20. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

21. Plaintiff asserts that the preferential treatment, harassment and termination were a mere pretext for the discrimination against Plaintiff based on her race.

22. Defendant was wanton, reckless, and intentional in its discrimination against the Plaintiff in changing the terms and conditions of her employment based upon her race.

23. In failing to protect Plaintiff from race discrimination, preferential treatment or harassment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of Civil Rights Act of 1964, as amended.

24. Defendant violated Title VII of Civil Rights act of 1964, by allowing the race discrimination, preferential treatment and harassment to exist in the workplace.

25. The Defendant's wrongful actions as set forth aforesaid constituted a hostile work environment for the Plaintiff. Defendant violated Title VII of the Civil Rights Act of 1964, as amended, by allowing a hostile work environment to exist regarding race discrimination in the workplace.

26. The aforesaid conduct of Defendant, its agents, and servants, violates laws against harassment and was, in fact, harassment in nature and in violation of Title VII of Civil Rights Act of 1964, as amended.

27. As a direct and proximate result of Defendant's discrimination on the basis of race, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

28. Defendant's employment discrimination of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

29. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

30. Due to that acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## SECOND CAUSE OF ACTION
*Breach of Contract*

31. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

32. Plaintiff and Defendant entered into a binding and valid contract whereby Defendant offered Plaintiff employment. Plaintiff accepted the offer of employment and agreed to fulfill the duties of her position in exchange for valuable consideration, her salary, as well as Defendant's guarantees that she would be protected from discrimination and other illegal acts.

33. Defendant maintains an employment handbook and its own policies and procedures.

34. At all times during the course of her employment, Plaintiff relied on the promises contained in Defendant's handbook, policies and procedures, and governing documents.

35. Defendant breached its employment contract with Plaintiff and its own policies and procedures by failing to protect Plaintiff from the actions of Mrs. Sullivan, to include retaliation on the basis of Plaintiff's protected complaints.

## THIRD CAUSE OF ACTION
*Negligent Supervision*

36. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

37. Defendant Library failed to use due care in supervising its employees, specifically Sarah Sullivan.

38. Mrs. Sullivan was permitted to misuse her supervisory authority over Plaintiff to target Plaintiff in disciplinary actions for her protected complaints.

39. By failing to appropriately supervise Mrs. Sullivan, Defendant permitted Mrs. Sullivan to instigate an inquisition into Plaintiff's alleged behavior to pretextually issue Plaintiff a PIP despite a failure to investigate the veracity of these allegations.

40. Defendant knew or should have known that Mrs. Sullivan's repeated targeting of Plaintiff demonstrated her propensity, proclivity, or course of conduct sufficient to put the employer on notice of the possible danger to Plaintiff and her employment.

41. Plaintiff's wrongful discipline has a sufficient nexus to Mrs. Sullivan's misconduct in targeting the plaintiff with employee discipline for acts which were not violative of Defendant policy because the same actor targeted the same victim for the same ultimate purpose: to manufacture support of her objective—to discriminate against Plaintiff.

42. Accordingly, due to the acts of Defendant and its agents, Plaintiff is entitled to injunctive relief and civil damages, back wages plus interest, and payment for lost wages. Plaintiff is further entitled to actual and compensatory damages in the value and nature of her lost wages, benefits and front pay, with interest applied thereupon, in addition to any liquidated damages, reasonable attorneys' fees and the costs of bringing this action.

### FOURTH CAUSE OF ACTION
*Title VII Retaliation*

43. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

44. Plaintiff repeatedly objected to and protested the violations of her federally protected rights within the Defendant's administrative structure and later, to the Equal Employment Opportunity Commission.

45. After Plaintiff sought to seek relief from Defendant's discriminatory practices, to include but not limited to consulting with upper management through the chain-of-command, Defendant retaliated against her by a continuance of harassment and by not addressing her complaints.

46. Accordingly, Plaintiff is entitled to compensatory and punitive damages in the nature of the value of her lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and her reasonable attorney's fees for the bringing of this action.

## JURY TRIAL REQUESTED

47. Plaintiff requests a jury trial.

## PRAYER FOR RELEIF

48. **WHEREFORE**, Plaintiff prays that this Honorable Court declares that Defendant's actions complained of herein violated the rights guaranteed to Plaintiff and issue its judgment:

   a. Declaring the actions complained of herein illegal.

   b. Issuing an injunction enjoining the Defendants, their agents, employees, successors, attorneys and those acting in concert or participation with the Defendants, and at their direction from engaging in the unlawful practices set forth herein and any other employment practices shown to be in violation of 42 USC § 2000(e) et. seq. (race discrimination / racially hostile work environment / retaliation), breach of contract, and the common laws of the State of South Carolina.

   c. Awarding Plaintiff compensatory and punitive damages for each Cause of Action contained herein as appropriate, which the jury should find appropriate as a result of the Defendants' unlawful discriminatory actions taken as the result of Plaintiff's race and other pled causes of action; including mental anguish, pain and suffering, harm to Plaintiff's economic opportunities, any back pay, front pay and future earnings with cost of living adjustments, prejudgment interest, fringe benefits, and retirement benefits;

   d. Awarding Plaintiff her costs and expenses in this action, including reasonable attorney fees, and other litigation expenses; and

    e. Granting such other and further relief as may be just and necessary to afford complete relief to the Plaintiff as this Court may deem just and proper.

    Respectfully Submitted,

    __s/Donald Gist_____
Donald Gist, Esq. Fed. ID# 7178
Erica McCrea, Esq. Fed. ID# 13493
***GIST LAW FIRM, P.A.***
4400 North Main Street (29203)
Post Office Box 30007
Columbia, South Carolina 29230
Tel. (803) 771-8007
Fax (803) 771-0063
Email: dtommygist@yahoo.com
        ericamccrea.gistlawfirm@gmail.com

    ***Attorneys for Plaintiff Keisha Byrd***

July 28, 2022